**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------------x

RUANE, CUNNIFF & GOLDFARB INC.,                          :
                                                          :
              Plaintiff,                    :
                                                          :
       -against-                               :
                                                          :
PERCY PAYNE, ALICIA ANDREWS, MARCI BIEN-AIME, :
KIMBERLY BOLCH, MICHAEL BRUMMEL,                    :      Case No.: 1:19-cv-11297
CHRISTOPHER DAVIS, DENNIS DUNBAR, DAVID              :
EISENBERGER, STACEY ELLIOTT, BARBARA HAM,            :
ROBERT HYBERGER, NIKKI POWELL, JOSHUA                :
RHODES, AMY KELLER, STEVEN INMAN, KIVA               :
MILLER, ASHLEY REIK, ERIC PEARCE, LEANNE             :
TRIMBLE,  AMY STOTTLEMYRE, MICHAEL MURPHY,  :
ANTHONY MEDINA, STEPHANIE MCMILLIN, KEELY           :
GRAYSON-INMAN, BRAD MCMILLIN, CARYL                  :
SUMMERS, JOHN HARPER, TIMOTHY LANE, WANDA            :
TYNER, ERIC GARST, WAIYEE TSANG, KRISTIN             :
SMITHMIER, ANNE ARNOLD, STEVEN STURGEON,             :
DIANE BROWN, STEPHANIE STEVENS, ROGER                :
POYNTER, BARNEY FRAZIER, LISA ALEXANDER,             :
STACEY BELL, MARK BALLEW, MARIA ALVARADO,            :
CARL DAMRON, CYNTHIA STUNKEL, DONNA                  :
TUESCHER, RICHARD TUESCHER, WILLIAM CLOWER, :
CAROLYN STEGEMAN, ROBERT TILLOTSON, PATRICK:
COOK, TAMARIE WILLIAMS, MARCELLA STONEKING :
DEBORAH TREAT, SHALAINE BOWEN, LESLIE               :
WIGGINS, DEBRA PAYNE, ROYCE CLOSTERMAN,             :
DEBORAH WELHOFF, ROBERT TRITT, SARAH                :
MURPHY, BARRY KREVITZ, DIANNA HOOVER,               :
KAREN OWENS, KATHLEEN MCBRIDE, CAMILLE              :
JACKSON, BREANNE REDWING, JAMES SHIP, NANCY :
RELLIHAN, KATHERINE GILLESPIE, MELANIE              :
MOENTMANN, FRED QUATROCKY, MARK                     :
MCLAUGHLIN, JENNIFER OVERHOLTZER, BETSY             :
MCCOLLUM, JOSEPH KENNEY, MARY LAMY, LESLIE  :
RILEY, KATHLEEN MOERSCHEL, DEANNA SCHULZ            :
DAN WOODS, CYNTHIA LAIR, LAWR (LAWRENCE)            :
SCHELLENBERGER, MICHAEL OLTMANNS, KAREN             :
MUSTAIN, AMY MCVAY, CHAD LANNING, SUSAN             :
JONES, KENNETH STWALLEY, REBECCA CLYMA              :
MARY WIESE, DONNA CASWELL, SARAH WELCH              :
CARRIE CROWDER, DANA TERRY, TROY STIFF,             :

CHRISTOPHER CARTER, PATRICK WILLIAMS,                    :
SANDRA PEOPLES, LISA CRACRAFT, PAUL COE                  :
SARA FOGT, ELIZABETH VANNAMAN, HAROLD                    :
WENNINGHOFF, CHRIS VALVERDE, ANDRICH                     :
PARKER, WILLIAM TURNAGE, MELISSA ,SIMPKINS               :
LORI VANDER WAERDT, ALICIA COSTANZO, BRENT               :
WINELAND, MELANIE DILLON, AMY FRANCOIS,                  :
CHRISTOPHER BONJOUR, JAMES BATES, WILLIAM                :
BRENNECKE, MICHAEL BRANDT, GARY BLANCK                   :
CHELLE ADKINS, PHILLIP BIGGS, RUSSELL BROOKS             :
LOREN PROVINCE, KEVIN GARRETT, KEVIN                     :
BARCLAY, NAKIMA CUTCHLOW, JENNIFER ELI,                  :
LARRY SQUIERS, GREGG BEDELL, MARY ESPINOZA,              :
ROY ALLEN, MARY CROSS, MATTHEW AXTON,                    :
JAMES ELLIOTT, JANET GAMBLE-DUFF, RONALD                 :
REYNOLDS, THOMAS KANE, JACQUELINE JENSEN,                :
INGRID MCNICHOLAS, TIMOTHY LYONS, MICHELLE               :
O'BRIEN, RUTH HUGHES, SHELLY SCHUERMAN,                  :
WILLIAM HANCOCK, CASSAUNDRA MCKOWN,                      :
THOMAS MCCULLOUGH, MARK SALYER, EDWARD                   :
ROBINSON, BERNARD BILLESBACH, MELISSA                    :
MEYER, JONATHAN HINCHEE, RITA HARTLEY, CRAIG             :
SCHUERMAN, JOHN GRAVES, ROBERT LAVALLEY,                 :
STACEY GOINS, DARREN KINNEY, REBA JACKSON,               :
FRANCIS JONES, DENNIS SIMMONS, JODEE                     :
HORSEMAN, BRUCE GOINS, WILLIAM HOTTEL,                   :
CASEY HOLLOWAY, JOHN OSWALD, DAVINIA                     :
SANTIMANO, RANDALL SHARP, DENNIS SESSLER,                :
JULIE MCGIVERN, ANDREA MEDINA, JENNIFER                  :
MCCORD, DANIEL MEYER, AMANDA HYLAND,                     :
BRENDA KEETON, DERRON ROLF, JILL MCMANUS-                :
NETWAL, MICHAEL MOFFITT, PATRICK LAWLESS,                :
MICHAEL GILLESPIE, BENJAMIN REDWING, PHILLIP             :
KLASSEN, JENNIFER LARSON, KIMBERLY WITT,                 :
THOMAS MCDONNELL, PATRICIA MERGEN, ERIN                  :
KENDALL, DELLA GRAYBEAL, ROBERT REDWING,                 :
ROBERT BERKSTRESSER, JOSEPH FILARDO, DONALD              :
WOEHRMAN, DEBRA KALLENBERGER, KRISTY HILL,               :
JO INZENGA, JACKIE OLDER-HEFNER, MICHAEL                 :
GIRO, PATRICK NICHOLS, MICHAEL SELLERS, ANGIE            :
MANSKE, HEATH MUSTAIN, BRIAN KEMP,                       :
JACQUELINE DAVIS, WILLIAM EDWARDS, WILLIAM               :
JOHNSON, ANNE BEAULIEU, RANDY COOK, JAMES                :
LARAMY, KARLA FLOYD, PEGGY LEINEKE, CRAIG                :
HEWITT, BEVERLY WESSAR, DIANE SALINAS,                   :
ROBERT HUTTER, CHRISTOPHER ITHURBURN,                    :

DUSTAIN SHAW, THOMAS EDLUND, ALICIA                :
BECKMAN, SARA EASTERBROOK, DANIEL CRANMER, :
KATHLEEN SARETTE, ELIZABETH JOHANSON, TOM          :
BUECHEL, MICHAEL SPELLMAN, GREG PARRISH,            :
JUREE BARKLEY, MATT CROSSON, JAMES                  :
DUCHARME, HARRY CROCKER, KEVIN MOLL, LINDA  :
TERRY, JAMIE CLARK, BILLIE GEER, CYNTHIA            :
STORDAHL, JULIE CANSLER, DAVID OPERACH,             :
MICHAEL LOVELL, DENISE ROJAS, DOROTHY COFFIE, :
THOMAS COULTER, DAVID WALTER, RICHARD               :
FORTUNE, ROBERT PARROTT, DAVID LOVETERE,            :
MERI MASON, RODNEY KANE, JAMES ROBINSON             :
RYAN MAGATHAN, ALISON MAGATHAN, NICHOLAS            :
RUTKOWSKI, SALLY SCHLINTZ, STEVEN HARBERT,          :
RUSSELL REVIS, CINDY GORDANIER, SCOTT               :
YUNGEBERG, JOAN HORAN, YVETTE SANTIMANO,            :
ANTHONY SHANK, DON KLEOPPEL, MELODY MISER           :
JASON HAMILTON, ALICE WRIGHT, GREG BROKAW,          :
BRIAN MAJERNIK, GARY LAMY, JENNIFER HOUSE           :
JOHN MCCONNELL, JEFFREY HARRIS, THERESA             :
HURSH, ALAN BURGERS, DONALD BELINGER,               :
STEVEN WALKER, KEVIN BOSTICK, MELISSA               :
FERGUSON, TRACY ALDEN, JEFF CARROLL,                :
DEBORAH QUAST, WAYNE BROOKSHIRE, ROBERT             :
CONKLIN, TINA CAREY, VANESSA BROSS, MARTHA          :
SABIN, SHELLEY MCMULLIN, BRENT LARSON, JANET :
KANNARD, KOLE SCARBROUGH, TRAVIS SCHULTE,           :
KENNETH HAGER, LISA KUDRICK, CHARLES SCHELL  :
STEFAN KOLEV, JUAN DE LOS SANTOS, MITCHELL          :
VAN KAM, LOUIS CONNELL, DOUGLAS STALCUP,            :
JASON SUTTON, BRIAN SLATTERY, MARGARET              :
BRODERICK, SCOTT SLOCUM, STEPHEN BAY,               :
JENNIFER BISCHOFF, KENDRA BURMASTER, DONNA          :
BARBOUR, MATTHEW DUNN, SCOTT ALEXANDER,             :
LEANN GARVEY, KEVIN MOLL, JOHN SHULTZ, BRENT :
MAYBERRY, LYNN SAROWSKI, KELLY HIGHFILL,            :
KRISTINE JOHNSON, BRIAN WHITE, DIANNE BEHNEY, :
KRISTY HILL, MARY TRIGGS, PATRICIA POTTINGER,       :
TORRI VAN KAM, and JOHN DOES 1-100,                 :
                                                    :
                    Defendants,                     :
                                                    :
             -and-                                  :
                                                    :
DST SYSTEMS, INC., MICHAEL L. FERGUSON, MYRL C. :
JEFFCOAT, DEBORAH A. SMITH, ROBERT CANFIELD,   :

BONNIE KARTZ, LATRECIA ONUNKWOR, DIANA    :
WEAVER, DAVID OSTERMEYER, EUGENE SCALIA,    :
United States Secretary of Labor, MARK MENDON, and JILL :
PEHLMAN,    :
   :
              Nominal Defendants.

--------------------------------------------------------------------------------x

## AMENDED COMPLAINT FOR
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Ruane, Cunniff & Goldfarb Inc. ("RCG"), by and through its

undersigned counsel, alleges as follows in support of its Amended Complaint for declaratory and

injunctive relief against the Claimants in approximately 395 pending arbitrations before the

American Arbitration Association ("AAA") (the "Arbitrations")[1] and nominal defendants DST

Systems, Inc. ("DST"), Michael L. Ferguson, Myrl C. Jeffcoat, Deborah A. Smith, Robert

Canfield, Bonnie Kartz, Latrecia Onunkwor, Diana Weaver, David Ostermeyer, Eugene Scalia,

United States Secretary of Labor (the "Secretary"), Mark Mendon, and Jill Pehlman

(collectively, the "Nominal Defendants"), each of whom is a plaintiff in an action before this

Court, except for DST which is a defendant in the actions before the Court:

## NATURE OF THE PROCEEDING

1.      This is an action seeking a declaratory judgment in connection with

approximately 395 pending Arbitrations, and to enjoin the Claimants' attempt to pursue claims

against RCG in arbitration until this Court renders the declaratory judgment.  In the Arbitrations,

the Claimants assert claims under the Employee Retirement Income Security Act ("ERISA")

---

[1] Of these 395 Arbitrations, approximately 80 were filed with the AAA in December of 2019 and RCG has not yet
learned the identities of those 80 Claimants.  In addition to the 395 Arbitrations that have already been filed with the
AAA, RCG is also aware of an additional approximately 25 arbitrations that have been submitted to DST but not yet
filed with the AAA.  Once those arbitrations are filed, RCG will ask that the relief requested in this action apply to
those arbitrations (and any other subsequently-filed arbitrations) as well.  In the meantime, those approximately 105
additional Claimants are named herein as John Does.

against RCG and DST[2] in connection with alleged mismanagement of the DST Systems 401(k) Profit Sharing Plan (the "Plan").

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because the Claimants have asserted claims against RCG and the DST Parties that present federal questions.  Specifically, in their demands for arbitration (the "Demands"), the Claimants have asserted that RCG and the DST Parties breached their fiduciary duties under ERISA Sections 409 and 502, 29 U.S.C. §§ 1109 and 1132.[3]

3.      This Court also has subject-matter jurisdiction over this dispute because the Arbitrations were brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*

4.      This Court has personal jurisdiction over the Claimants because ERISA provides for nationwide service of process, and because the Demands assert claims against RCG, whose principal place of business is in this District.  *See* ERISA § 502(e)(2), 29 U.S.C § 1132(e)(2).

5.      Venue is proper in this District pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to RCG's claims occurred in this District.  Specifically, in four actions currently pending before this Court, the plaintiffs assert claims virtually identical to those asserted in the Arbitrations and purport to seek recovery for harm to the same Plan assets as do the Claimants in their Demands.  Further, a

---

[2]  In addition to DST, the Claimants have also asserted claims in the Arbitration against the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan and the Compensation Committee of the Board of Directors of DST Systems, Inc. (collectively, the "DST Parties").

[3]  A true and correct copy of Claimant Percy Payne's Demand is attached hereto as Exhibit A.  The other Claimants' Demands are substantively identical to Mr. Payne's Demand.

substantial part of the alleged events and omissions on which the Claimants have sued RCG and the DST Parties occurred in this District.

## PARTIES

6.      Plaintiff Ruane, Cunniff & Goldfarb Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.  RCG served as an investment adviser and fiduciary to the Plan pursuant to 29 U.S.C. § 1002.

7.      Upon information and belief, all of the Claimants herein and Nominal Defendants Michael L. Ferguson, Myrl C. Jeffcoat, Deborah A. Smith, Robert Canfield, Bonnie Kartz, Latrecia Onunkwor, Diana Weaver, David Ostermeyer, Mark Mendon, and Jill Pehlman, are or were participants in the Plan.

8.      Upon information and belief, Claimants James DuCharme, Harry Crocker, Kevin Moll, Linda Terry, Jamie Clark, Billie Greer, Cindy Stordahl, Julie Cansler, Dave Operach, Michael Lovell, Denise Rojas, Dorothy Coffie, Tom Coulter, David Walter, Richard Fortune, Rob Parrott, David Lovetere, Meri Ann Mason, Rodney Kane, and James Robinson are residents of Kansas.

9.      Upon information and belief, Claimants Alicia Andrews, Marci Bien-Amie, Kim Bolch, Michael Brummel, Chris Davis, Dennis Dunbar, Dave Eisenberger, Stacey Elliott, Barbara Ham, Rob Hyberger, Percy Payne, Nikki Powell, Joshua Rhodes, Amy Keller, Steve Inman, Kiva Miller, Kristine Johnson, Ashley Reik, Kelly Highfill, Eric Pearce, Lynn Sarowski, Leanne Trimble, Amy Stottlemyre, Michael Murphy, Anthony Medina, Stephanie McMillin, Keely Inman, Brad McMillin, Brent Mayberry, Caryl Summers, John P. Harper, Tim Lane, Wanda Tyner, John Shultz, Kevin Moll, William Edwards, Kim Bolch, Michael Brummel,

Eric Garst, Waiyee Juley Tsang, Kristin Smithmier, Anne Arnold, Steven Sturgeon, Diane

Brown, Stephanie Stevens, Roger Poynter, Barney Frazier, Leann Garvey, Scott Alexander, Matt

Dunn, Donna Barbour, Kendra Burmaster, Lisa Alexander, Stacey Bell, Mark Ballew, Maria

Alvarado, Matt Crosson, Jennifer Bischoff, Stephen Bay, Carl Damron, Cindy Stunkel, Donna

Tuescher, Scott Slocum, Juree Barkley, Margaret Broderick, Richard Tuescher, Kent Clower,

Brian Slattery, Carolyn Stegeman, Robert Tillotson, Patrick Cook, Tamarie Williams, Marcella

Stoneking, Jason Sutton, Deborah Treat, Shalaine Bowen, Leslie Wiggins, Debra Payne, Greg

Parrish, Royce Closterman, Doug Stalcup, Deborah Welhoff, Louis Connell, Michael Spellman,

Robert Tritt, Tom Buechel, Mitch VanKam, Juan De Los Santos, Sarah Murphy, Barry Krevitz,

Dianna Jill Hoover, Karen Owens, Kathleen McBride, Stefan Kolev, Camille Jackson, Breanne

Redwing, Elizabeth Johanson, Jim Ship, Nancy Rellihan, Charles Schell, Karla Floyd, Katherine

Gillespie, Melanie Moentmann, Lisa Kudrick, Fred Quatrocky, Mark McLaughlin, Kenneth

Hager, Jennifer Overholtzer, Betsy McCollum, Joseph Kenney, Mary Lamy, Travis Schulte,

Leslie Riley, Kathleen Sarette, Martha Sabin, Kathleen Moerschel, Kole Scarbrough, Deanna

Schulz, Dan Woods, Cynthia Lair, Lawrence Schellenberger, Janet Kannard, Michael Oltmanns,

Karen Mustain, Amy McVay, Brent Larson, Chad Lanning, Shelley McMullin, Susan Jones, Ken

Stwalley, Torrie VanKam, Becky Clyma, Mary Wiese, Donna Caswell, Sara Welch, Carrie

Crowder, Dana Terry, Troy Stiff, Chris Carter, Patrick Williams, Sandy Peoples, Lisa Cracraft,

Paul Coe, Vanessa Bross, Sara Fogt, Elizabeth Vannaman, Tina Carey, Harold Wenninghoff,

Chris Valverde, Patti Pottinger, Andrich Parker, William Turnage, Robert Conklin, Melissa

Simpkins, Daniel Cranmer, Lori Vander Waerdt, Wayne Brookshire, Alicia Costanzo, Brent

Wineland, Mary Ann Triggs, Larry Squires, Deborah Quast, Jeff Carroll, Melanie Dillon, Amy

Francois, Chris Bonjour, James Bates, William Brennecke, Greg Bedell, Mary Robyn Cross,

Mary Espinzoa, Michael Brandt, Gary Blanck, Chelle Adkins, Tracy Alden, Phillip Biggs, Russ Brooks, Melissa Ferguson, Loren Province, Kevin Bostick, Steve Walker, Kevin Garrett, Kevin Barclay, Anne Beaulieu, Nakima Cutchlow, Jennifer Eli, Ray Allen, Donald Belinger, Sara Easterbrook, Matthew Axton, Alicia Beckman, James Elliot, Thomas Edlund, Rob Berkstresser, Joe Filardo, Alan Burgers, Janet Gamble Duff, Ronald Reynolds, Theresa Hursh, Thomas Kane, Jacqui Jensen, Ingrid McNicholas, Timothy Lyons, Michelle O'Brien, Ruth Hughes, Shelly Schuerman, William Hancock, Cassaundra McKown, Jeff Harris, Thomas McCullough, Mark Salyer, Edward Robinson, Bernard Billesbach, Melissa Meyer, John McConnell, Jonathan Hinchee, Rita Hartley, Craig Schuerman, John Mark Graves, Robert LaValley, Gary Lamy, Jennifer House, Stacey Goins, Dustain Shaw, Darren Kinney, Reba Jackson, Francis Jones, Dennis Simmons, Jodee Horseman, Brian Majernik, Greg Brokaw, Bruce Goins, Alice Wright, William D. Hottel, Casey Holloway, Christopher Ithurburn, Don Woehrman, John Oswald, Davinia Santimano, James Laramy, Randall Sharp, Dennis Sessler, Jason L. Hamilton, Julie McGivern, Andrea Medina, Melody Miser, Jennifer McCord, Daniel Meyer, Amanda Hyland, Don Kleoppel, Brenda Keeton, Robert Hutter, Debbie Kallenberger, Derron Rolf, Jill McManus-Newtal, Anthony Shank, William Johnson, Yvette Santimano, Michael Moffitt, Joan Horan, Patrick Lawless, Scott Yungeberg, Cindy Gordanier, Kristy Hill Revis, Michael Gillespie, Benjamin Redwing, Phil Klassen, Alison Magathan, Jennifer Larson, Russell Revis, Jocarol Inzenga, Kim Witt, Steven Harbert, Thomas McDonnell, Patricia Mergen, Erin Kendall, Della Graybeal, Diane Salinas, Nick Rutkowski, Robert Redwing, Ryan Magathan, Jackie Older-Hefner, Michael Giro, Patrick Nichols, Michael Sellers, Angie Manske, Heath Mustain, Brian Kemp, and Sally Schlintz are residents of Missouri.

10.     Upon information and belief, Claimants Peggy Leineke, Craig Hewitt, and Beverly Wessar are residents of California.

11.     Upon information and belief, Claimant Jacqueline Davis is a resident of Tennessee.

12.     Upon information and belief, Claimant Randy Cook is a resident of Illinois.

13.     RCG is presently unaware of the identities of Claimants in Arbitrations that were filed with the AAA in December 2019 or that have been submitted to DST but not yet filed with the AAA.  Those individuals are collectively named herein as John Does 1-105.  RCG will substitute the real names of the John Does when RCG obtains the names of those individuals.

14.     Upon information and belief, Nominal Defendant DST Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Kansas City, Missouri.  DST is the Plan sponsor and Plan administrator, a designated fiduciary of the Plan, and a fiduciary pursuant to 29 U.S.C. §§ 1002 and 1102.

15.     Nominal Defendant Eugene Scalia is the United States Secretary of Labor, who is vested with authority under 29 U.S.C. § 1132(a)(2) and (a)(5) to enforce Title I of ERISA and has commenced an action seeking relief under ERISA against, *inter alia*, RCG, and the DST Parties.

16.     Upon information and belief, Nominal Defendants Michael L. Ferguson, Latrecia Onunkwor, Diana Weaver, Mark Mendon, and Jill Pehlman are residents of Missouri.

17.     Upon information and belief, Nominal Defendants Myrl C. Jeffcoat and Bonnie Kartz are residents of California.

18.     Upon information and belief, Nominal Defendant Deborah A. Smith is a resident of Connecticut.

19.     Upon information and belief, Nominal Defendant Robert Canfield is a resident of Kansas.

20.     Upon information and belief, Nominal Defendant David Ostermeyer is a resident of Arizona.

## FACTUAL BACKGROUND

**The Plan**

21.     The Claimants are former employees of DST who participated in the Plan in connection with their employment.  The Plan is a defined contribution plan governed by ERISA, for which DST is the sponsor and administrator.

22.     DST designed the Plan to consist of two components:  (i) a 401(k) portion, which was participant-directed among various investment options (the "401(k)"), and (ii) a profit sharing account (the "PSA"), which was not participant-directed.  From 1974 until 2016, RCG was the sole investment manager selected by DST for the PSA.  RCG had no role in connection with the 401(k) portion of the Plan.

23.     In the Arbitrations currently pending before the AAA, the approximately 395 Claimants seek to assert identical breach of fiduciary claims against RCG and DST for alleged violations of ERISA in connection with the PSA.

**The Arbitration Agreement**

24.     In connection with their employment at DST, each Claimant received an employee handbook that contained an arbitration agreement (the "Arbitration Agreement").  The Arbitration Agreement was amended several times since its inception in 2008, but the relevant

provisions in all versions are substantively identical.  True and correct copies of the three applicable

versions of the Arbitration Agreement are attached hereto as Exhibits B-D.

25.     DST provided a thirty-day opt out period during which employees could

opt out of the arbitration program.  (Exhibit B at A-5; Exhibit C at 18; Exhibit D at 4.)  The

Claimants did not opt out of the Arbitration Agreement.

26.     The Arbitration Agreement provides that its terms apply to "all legal

claims arising out of or relating to employment . . . ."  (Exhibit B at A-1, A-4; Exhibit C at 17;

Exhibit D at 3.)

27.     The Arbitration Agreement expressly prohibits class arbitration.

Specifically, the Arbitration Agreement requires that:

    a.    All claims be "asserted, heard and resolved on a single [employee] basis, unless otherwise agreed to by all parties"  (Exhibit B at A-3; Exhibit C at 17; Exhibit D at 3);

    b.    "Claims by multiple [employees] may not be joined together in a single arbitration" (*id.*); and

    c.    Employees "may not assert claims on behalf of multiple [employees] or as a class action or collective action" either in court or under the Arbitration Agreement, and an employee "may not have a claim asserted on his or her behalf by another person as a class representative or otherwise"  (Exhibit B at A-3, A-4; Exhibit C at 17; Exhibit D at 3).

**Related Actions in Federal Courts**

28.     The Arbitrations are, chronologically, the *tenth* set of proceedings

(counting the approximately 395 Arbitrations as one) brought by counsel seeking relief for the

same purported breaches of fiduciary duty in connection with the Plan.

    **A.     The *Cooper* Action and Pending Appeal in the Second Circuit**

29.     On March 14, 2016, Clive V. Cooper, a former DST employee and a

participant in the Plan, filed a putative class action complaint in the U.S. District Court for the

Southern District of New York (the "Southern District") against the DST Parties and RCG for alleged breaches of fiduciary duty in violation of ERISA.  *See Cooper v. Ruane Cunniff & Goldfarb, Inc., et al.*, No. 1:16-cv-01900 (S.D.N.Y.) ("*Cooper*").

30.     Cooper did not opt out of the Arbitration Agreement, and was thereby bound by the Arbitration Agreement, yet he filed a complaint in the Southern District and sought to represent a class that consisted of "[a]ll participants and beneficiaries of the [Plan] from March 14, 2010 through the date of judgment, excluding the Defendants."  (*Cooper*, ECF No. 1.)

31.     On June 17, 2016, shortly after *Cooper* was filed, Cooper, upon being presented with the Arbitration Agreement by DST's counsel, voluntarily dismissed his claims against the DST Parties.

32.     Cooper, however, refused to dismiss his claims against RCG.  As a result, on November 7, 2016, RCG filed a motion to compel arbitration of, or, in the alternative, to dismiss, Cooper's claims against RCG.  In support of the motion, RCG asserted that Cooper should be estopped from avoiding arbitration with RCG because, *inter alia,* (i) Cooper's claims against RCG arose under the subject matter of the Arbitration Agreement, and (ii) there was a close relationship between Cooper, RCG and DST.

33.     Judge Pauley of the Southern District granted RCG's motion to compel arbitration on August 15, 2017 and ordered Cooper, who "understood that he could opt-out of the arbitration program and voluntarily chose not to," to arbitrate his claims against RCG. Specifically, Judge Pauley held that Cooper's claims against RCG "clearly relate[ ] to his employment . . . by [DST], and fall[ ] squarely within the scope of the [a]rbitration [p]rovision." (*See Cooper*, ECF No. 80 at 11.)

34.     On September 8, 2017, Cooper appealed the Southern District's decision to the U.S. Court of Appeals for the Second Circuit (the "Second Circuit").  The case has been fully briefed, and oral argument took place on February 5, 2019.

35.     In the *Cooper* appeal, Cooper's counsel (who is also counsel for the *Ferguson* plaintiffs) argued that individual Plan participants may not agree to arbitrate their ERISA breach of fiduciary duty claims.  (*See Cooper v. Ruane Cunniff & Goldfarb, Inc., et al.*, No. 17-2805 (2d Cir.), ECF No. 94 at 13-16.)  If the Second Circuit reverses, the *Cooper* case, a class action putatively representing all 10,000 Plan participants, will be reinstated, adding another judicial proceeding and further complicating an already overcomplicated set of judicial proceedings.

**B.     The *DuCharme* Action**

36.     Approximately ten months after *Cooper* was filed, James DuCharme, another participant in the Plan and one of the Claimants who later filed an arbitration claim, sued the DST Parties, but not RCG, in the U.S. District Court for the Western District of Missouri (the "Western District"), in a putative class action alleging substantially the same ERISA violations as those alleged in *Cooper.  DuCharme v. DST Systems, Inc.*, No. 17-cv-00022 (W.D. Mo.) ("*DuCharme*").

37.     Like Cooper, DuCharme did not opt out of the Arbitration Agreement and was thereby bound by the Arbitration Agreement.  As such, on February 22, 2017, the DST Parties filed a motion to compel arbitration or to dismiss the action.

38.     On June 23, 2017, Judge Brian C. Wimes of the Western District granted the DST Parties' motion and dismissed the complaint, holding that DuCharme's claims, which were "asserted as a class action on behalf of the Plan," were "not properly before this Court" and were therefore subject to dismissal.  (*DuCharme*, ECF No. 57.)  Specifically, Judge Wimes held

that, because "the Arbitration Agreement at issue is valid and DuCharme's claims for breach of fiduciary duty fall within the Arbitration Agreement's scope, . . . *DuCharme waived his right to act in a representative capacity on behalf of a class or collective action* under the Arbitration Agreement from which he did not opt out."  (*Id.* at 2 (emphasis added).)

39.     After the Western District's dismissal of *DuCharme*, counsel for DuCharme (who are also counsel for all the Claimants in the Arbitrations) moved to intervene in *DuCharme* with a new complaint on behalf of Stephanie Ostrander, a participant who had opted out of the Arbitration Agreement.  The Western District subsequently denied that motion.

C.     **The *Ferguson* and *Ostrander* Actions**

40.     On September 1, 2017, three Plan participants who purportedly were never subject to the Arbitration Agreement because they retired before it was promulgated, filed an action in this Court against the DST Parties and RCG, alleging facts and asserting claims virtually identical to those set forth in *Cooper* and *DuCharme* (*Ferguson, et al. v. Ruane Cunniff & Goldfarb, Inc.*, *et al.* Case No. 17-cv-06685 (S.D.N.Y.) ("*Ferguson*")).  The *Ferguson* plaintiffs purport to be acting in a representative capacity on behalf of the entire Plan and all 10,000 of its participants, rather than as class members in a class action, and they are seeking recovery for all purported losses suffered by the Plan.

41.     Specifically, the *Ferguson* plaintiffs allege, *inter alia*, that:

a.     The *Ferguson* plaintiffs seek "to recover and obtain *all losses* resulting from each breach of fiduciary duty, prohibited transaction and other violation of ERISA, to *restore to the Plan any profits* made through Defendants' use of the Plan's assets and for disgorgement with respect to *all fees and compensation* received by any of the Defendants in connection with any prohibited transaction" (*Ferguson*, ECF No. 9 ¶ 7 (emphasis added)); and

b.     RCG and the DST Parties are "liable *to the Plan* to credit back, disgorge and/or make restitution of *all improper compensation* received by them and are liable to the Plan to pay damages or

14

make restitution to the Plan with respect to the *losses suffered by the Plan*" (*id.* ¶ 91 (emphasis added)).

42.     Six days after *Ferguson* was filed, Stephanie Ostrander, represented by counsel for Claimants, filed a putative class action complaint in the Western District before Judge Wimes, alleging facts and asserting claims identical to those at issue in *Cooper*, *DuCharme*, and *Ferguson*.  *Ostrander v. DST Systems, Inc., et al.*, No. 4:17-cv-00747-BCW (W.D. Mo.) ("*Ostrander*").

43.     The DST Parties and RCG moved to dismiss or stay *Ostrander* in favor of *Ferguson* pursuant to the first-filed rule because (i) *Ferguson* and *Ostrander* are parallel actions and (ii) *Ferguson* was the first-filed action.  (*Ostrander*, ECF Nos. 23-24, 26-27, 43-44.)

44.     On February 2, 2018, after oral argument, Judge Wimes issued an Order dismissing *Ostrander* pursuant to the first-filed rule.  (*Ostrander*, ECF No. 73.)  The Western District found that *Ostrander* and *Ferguson* were parallel actions because they both allege claims "on behalf of the Plan" and *Ferguson* "alleges claims against the same defendants, arising from the same conduct and circumstances."  (*Id.* at 2.)  Because the court found that *Ferguson* and *Ostrander* were parallel and that "*Ferguson* is the first-filed case" (*id.* at 5), the court dismissed *Ostrander*.

45.     Six months after *Ostrander* was dismissed, on July 23, 2018, Ms. Ostrander (again represented by counsel for Claimants) filed a motion before this Court in *Ferguson*, seeking to intervene and asserting a putative class action to represent the interests of "thousands" of Plan participants who opted out of the Arbitration Agreement (the "*Ostrander* Intervention Motion").  (*Ferguson*, ECF Nos. 53-54.)

46.     This Court denied the *Ostrander* Intervention Motion on March 29, 2019 because, *inter alia*, it found that Ostrander's interests are adequately represented by the *Ferguson*

plaintiffs.  (ECF No. 94 at 8-10.)  In so holding, this Court found that "Plaintiffs and Ostrander share an 'identity of interest' and the 'same ultimate objective' to recover losses from the Plan caused by Defendants' alleged breach of fiduciary duties."  (*Id.* at 9.)  The Court also noted that "Plaintiffs [in *Ferguson*] claim to represent the whole Plan, including Ostrander and all other members of her proposed class."  (*Id.*)

47.     On November 5, 2018, the *Ferguson* plaintiffs filed a second amended complaint (*Ferguson*, ECF No. 82), which asserts substantially the same claims as those asserted in their previous *Ferguson* complaint (and as those asserted in *Cooper*, *DuCharme*, *Ostrander*— and, as set forth below, in *Canfield* and *Mendon*), and purports to seek recovery on behalf of the entire Plan.  (*Id.* ¶¶ 1, 7, 8, 19, 104.)

**D.     The *Canfield* and *Mendon* Actions**

48.     Counsel for Claimants have filed two additional actions in this Court— *Canfield* and *Mendon*—on behalf of seven Plan participants who all purport to bring their claims on behalf of the entire Plan.

49.     On September 28, 2018, counsel for Claimants filed a complaint in this Court on behalf of five Plan participants who opted out of the Arbitration Agreement, asserting claims virtually identical to those asserted in *Cooper*, *DuCharme*, *Ferguson*, and *Ostrander*. *Canfield v. SS&C Tech. Holdings, Inc., et al.*, No. 1:18-cv-08913 (S.D.N.Y.) ("*Canfield*").  In their complaint, the five *Canfield* plaintiffs purport to bring their claims "individually and on behalf of the [Plan]" and seek to recover "the losses caused to their accounts, on behalf of the [Plan]."  (*Canfield*, ECF No. 1.)

50.     On November 5, 2018, counsel for Claimants filed another complaint in this Court on behalf of two Plan participants who opted out of the Arbitration Agreement, once again asserting claims virtually identical to those asserted in *Cooper*, *DuCharme*, *Ferguson*,

*Ostrander* and *Canfield*. *Mendon v. SS&C Tech. Holdings, Inc., et al.*, No. 1:18-cv-10252 (S.D.N.Y.) ("*Mendon*"). In their complaint, the two *Mendon* plaintiffs also purport to bring their claims "individually and behalf of the [Plan]" and seek "to recover the losses to their accounts, on behalf of the [Plan]." (*Mendon*, ECF No. 1 ¶¶ 1, 7.)

**The Pending Arbitrations and the Western District Action**

51.     In April 2018, eleven claimants sent the DST Parties substantively identical demands, asserting virtually the same claims against the DST Parties and RCG, based upon the same facts, as those asserted in *Cooper*, *Ferguson*, *DuCharme*, *Ostrander*, *Canfield* and *Mendon*.

52.     The Arbitration Agreements contractually require that, upon a claimant giving notice of a claim for arbitration and providing such claim to DST, claimant and DST are to jointly submit the claim to the AAA. Based on this provision, on August 6, 2018, DST and the Claimants jointly submitted the first eleven Demands to the AAA. Since that time, DST and the claimants have submitted approximately 385 additional Demands to the AAA.

53.     Notably, in contravention of the express language of the Arbitration Agreement and Judge Wimes' prior ruling in *DuCharme*, the initial eleven demands brought by counsel for claimants purported to assert claims "both individually, *and on behalf of the Plan*" and sought judgment on behalf of each of the claimants "*and the Class*." (*DuCharme*, ECF No. 18-6.)

54.     Moreover, in each of the Demands, as in the *Ferguson* complaint, each claimant sought, *inter alia*: (i) recovery of "[a]ll losses to the Plan resulting from Defendants' violation of ERISA" (Demands ¶ 7); (ii) "on behalf of himself and the Plan . . . all equitable, compensatory and/or remedial relief, including prospective injunctive and declaratory relief, as well as credit, disgorgement and restitution, and attorneys' fees, costs and other recoverable

17

expenses of litigation" (*id.* ¶ 61); and (iii) restoration of "losses to the Plan caused by [Defendants'] breaches of fiduciary duties" (*id.* ¶ 70).

55.     Shortly after the first eleven Demands were filed with the AAA, RCG filed an action in the Western District seeking, *inter alia*, to enjoin Claimants from (i) prosecuting class, collective, representative or multiple employee claims, and (ii) prosecuting the Arbitrations until this Court determines whether plaintiffs in *Ferguson* represent the entire Plan, including in particular, all participants who are bound by the Arbitration Agreement, including the Claimants. *Ruane, Cunniff & Goldfarb Inc. v. DuCharme, et al.*, No. 4:18-cv-00650-BCW (W.D. Mo.) (the "Western District Action").

56.     Because the Demands improperly sought class-wide relief in violation of a prior order issued by Judge Wimes, RCG determined that it was necessary to file the Western District Action before that court.

57.     Upon the filing of the Western District Action, the Arbitrations were automatically stayed for 60 days pursuant to Rule 1 of the AAA's Employment Arbitration Rules and Mediation Procedures (the "Stay").

58.     Claimants moved to dismiss the Western District Action on September 20, 2018, claiming that the inclusion of class or collective claims in the Demands was a mistake and that, "to the extent that [claimants] request relief on a 'class'-wide basis . . . they hereby disavow any such request." (Western District Action, ECF No. 19 at 14.)  Based upon that representation and similar representations made by counsel for Claimants at a status conference on October 10, 2018, RCG and the eleven claimants entered into a stipulation on October 18, 2018 whereby claimants promised to amend their demands to remove any class or collective claims by or before October 26, 2016 and RCG agreed to voluntarily dismiss that claim.  (Western District

Action, ECF No. 35 at ¶¶ 1-2.)  Those eleven Claimants subsequently filed such amended Demands with the AAA.

59.     With respect to RCG's request in the Western District Action for an injunction staying the arbitrations until this Court has an opportunity to decide whether plaintiffs in *Ferguson* represent the entire Plan, counsel for Claimants repeatedly suggested that RCG's claims should be brought before this Court.

60.     Given the statements by counsel for Claimants and the fact that the class arbitration issues were resolved by stipulation, RCG voluntarily dismissed its remaining claims without prejudice.

61.     The Stay pursuant to the AAA's rules expired on October 22, 2018, and the AAA held an administrative conference call regarding the Arbitrations shortly thereafter.

62.     The Arbitrations were paused in early 2019 in order to allow the parties to discuss a potential mediation of the dispute.  That stay terminated on March 27, 2019, when counsel for Claimants informed RCG and DST that they planned to proceed with the Arbitrations.  Since that time, the parties have selected arbitrators in 314 of the approximately 395 filed Arbitrations and have recently begun to set hearing dates commencing in June 2020.  In addition, extensive document discovery has been served on RCG by Claimants.

63.     In a strong indication that the number of Arbitrations will continue to rise, counsel representing the Claimants and DST have recently filed approximately 80 new arbitrations with the AAA (bringing the total current number to approximately 395).  Further, approximately 25 additional arbitrations have been submitted to DST but not yet filed with the AAA.

**The *Scalia* Action**

64.     On October 8, 2019, Eugene Scalia, the Secretary of Labor, filed a complaint in this Court against RCG, Robert Goldfarb, the DST Parties, and sixteen former members of the Advisory Committee of the DST Systems, Inc. 401(k) Profit Sharing Plan and/or the Compensation Committee of the Board of Directors of DST Systems, Inc.  *Scalia v. Ruane, Cunniff & Goldfarb Inc., et al.*, No. 1:19-cv-9302 (S.D.N.Y.) ("*Scalia*").

65.     In *Scalia*, the Secretary alleges that [RCG and DST] "caused the Plan and its participants to suffer harm" and seeks an Order requiring RCG and DST to "restore *to the Plan and its participants* all losses caused."  (*Scalia*, ECF No. 1, ¶¶ 59, 63; *id.* at 19 (emphasis added).)  Thus, the Secretary seeks the *same* recovery as do the plaintiffs in *Ferguson*, *Canfield*, and *Mendon* and the Claimants in the Arbitrations.

66.     *Scalia* presents a number of fundamental questions:  whether *both* the Secretary and the *Ferguson* plaintiffs may *simultaneously* prosecute separate actions on behalf of the *same* entity (the Plan) and its participants to remedy the *same* purported harm to the *same* Plan assets caused by the *same* alleged breaches of fiduciary duty.  However, even more importantly, may the Secretary, by bringing a suit on behalf of the whole Plan and its participants, cause individual beneficiaries to lose their right to arbitrate their claims even in the face of an Arbitration Agreement and arbitration claims filed by the Claimants before the Secretary filed suit.

67.     Accordingly, RCG has determined that it is necessary to file the instant complaint and a motion for preliminary injunction, seeking (i) a declaratory judgement that multiple representatives of the participants and Plan cannot at the *same* time seek recovery in multiple forums for the *same* harm to the *same* Plan assets caused by the *same* alleged breaches

of fiduciary duty and (ii) enjoining the Arbitrations until this Court can determine whether *Ferguson* or *Scalia* represents all 10,000 Plan participants or only the approximately 500 who opted out of the Arbitration Agreement.

**COUNT I**
(**Declaratory Judgment and Injunctive Relief**)

68.     RCG repeats and realleges each of the allegations contained in paragraphs 1 through 67 above as if set forth in full herein.

69.     The Claimants, as Plan participants, seek to arbitrate the same ERISA claims that the plaintiffs in *Ferguson* and *Scalia* purport to pursue on behalf of the entire Plan, including the Claimants.  The Arbitrations allege facts, assert claims, and seek the same relief as is at issue in *Ferguson* and *Scalia*.  As such, the Arbitration and *Ferguson* and *Scalia* are parallel actions.

70.     Indeed, counsel for Claimants stated in the *Ostrander* Intervention Motion that intervention in *Ferguson* would allow them "to participate in a matter that is of significant interest to their hundreds of clients who are pursuing similar claims against [the DST Parties and RCG] in arbitration."  (*Ferguson*, ECF No. 66 at 11.)

71.     *Ferguson* was filed nearly one year before the Arbitrations and is therefore the first-filed action.  *Scalia*, on the other hand, was filed more than a year after the Arbitrations.

72.     This Court should issue a declaratory judgment that multiple participants here cannot at the *same* time seek recovery under ERISA in multiple forums for the *same* harm to the *same* Plan assets caused by the *same* alleged breaches of fiduciary duty and that either *Ferguson* or *Scalia* represents all 10,000 Plan participants or only the approximately 500 who opted out of the Arbitration Agreement.

73.     Among other reasons set forth herein, because *Ferguson* was filed before the Arbitrations, the Arbitrations should be stayed until this Court determines whether plaintiffs in *Ferguson* (or *Scalia*) represent the entire Plan, including in particular, participants like the Claimants, who are bound by the Arbitration Agreement.

74.     An actual and justiciable controversy exists between RCG and the Claimants, and by the terms and provisions of Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

75.     This Court has the authority to enjoin the Arbitrations under the FAA, 9 U.S.C. § 4, the All Writs Act, 28 U.S.C. § 1651, and/or the Court's general remedial power.

76.     RCG will be irreparably harmed if it is forced to defend multiple actions brought by identical or overlapping groups of Plan participants and representatives that allege identical facts, assert the same and overlapping ERISA claims, and seek the same and overlapping relief based on purported losses to the same assets.

77.     RCG has no plain, speedy, or adequate remedy at law.

78.     A previous application was made in the Western District Action for similar relief to that sought herein, but was voluntarily dismissed without prejudice pursuant to the parties' stipulation.  No other provisional remedy has been sought in this or any other Court.

79.     Accordingly, RCG requests that the Court (i) declare that multiple participants and representatives cannot at the *same* time seek recovery under ERISA in multiple forums for the *same* harm to the *same* Plan assets from the *same* parties caused by the *same* alleged breaches of fiduciary duty and (ii) enjoin the Arbitrations until this Court can determine

whether *Ferguson* or *Scalia* represents all 10,000 Plan participants or only the approximately 500 who opted out of the Arbitration Agreement.

## PRAYER FOR RELIEF

Wherefore, RCG respectfully requests an Order from this Court:

a. Declaring that multiple participants and representatives cannot at the *same* time seek recovery under ERISA in multiple forums for the *same* harm to the *same* Plan assets from the *same* parties caused by the *same* alleged breaches of fiduciary duty;

b. Enjoining the Arbitrations until this Court can determine whether *Ferguson* or *Scalia* represents all 10,000 Plan participants or the approximately 500 who opted out of the Arbitration Agreement;

c. Awarding RCG attorneys' fees and costs; and

d. Granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        December 17, 2019

**SCHULTE ROTH & ZABEL LLP**

/s/ Robert J. Ward
Robert J. Ward
Frank W. Olander
Minji Reem
919 Third Avenue
New York, New York 10022
Tel: (212) 756-2000
robert.ward@srz.com
frank.olander@srz.com
minji.reem@srz.com

*Attorneys for Ruane, Cunniff & Goldfarb Inc.*